UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: JEFFREY AUERHAHN        )    MBD No. 09-10206

MEMORANDUM AND ORDER
(Under Seal)

WOLF, C.J.                                           August 27, 2009

On June 29, 2007, I initiated disciplinary action against Assistant United States Attorney Jeffrey Auerhahn for professional misconduct found in Ferrara v. United States, 384 F. Supp. 2d 384 (D. Mass. 2005), aff'd, Ferrara v. United States, 456 F.3d 278 (1st Cir. 2006).[1]  Bar Counsel accepted the appointment to prosecute the matter pursuant to Rule 83.6(5) of the Local Rules of the United States District Court for the District of Massachusetts ("L.R.").

Bar Counsel has reportedly notified Mr. Auerhahn that she plans to file, pursuant to Local Rule 83.6(5)(C), a petition requesting an order directing him to show cause why he should not be disciplined.  Mr. Auerhahn has filed a sealed motion to have the petition impounded until its merits have been decided in proceedings that would be closed to the public.  Bar Counsel opposes the request that the petition be sealed and proceedings concerning it closed.

When the petition is filed, it will be referred to Judge

---

[1] The Ferrara decision formalized and amplified findings made orally in court on October 3, 2003, in the companion case of Barone v. United States, Civ. No. 98-11104-MLW.

Joseph Tauro because the complainant is the Chief Judge and Judge Tauro is the member of the District Court who is most senior in service. See L.R. 83.6(5)(D). Judge Tauro has asked that I decide the pending motion to seal, in part because a petition formally invoking his involvement has not yet been filed and in part because the motion implicates other disciplinary matters which I, as Chief Judge, have decided and am familiar with. Therefore, I am addressing the issue of sealing the petition in the first instance.

For the reasons described in this Memorandum, Bar Counsel is being ordered to file the petition under seal. However, unless otherwise ordered by Judge Tauro, the petition shall be unsealed if he finds that there is probable cause to believe that Mr. Auerhahn engaged in professional misconduct and, pursuant to Local Rule 83.6(5)(C), issues an order requiring Mr. Auerhahn to show cause why he should not be disciplined. Therefore, Judge Tauro will ultimately decide if the petition should remain sealed and proceedings concerning it closed until the disciplinary matter is concluded.

The Local Rules do not provide for the sealing of references to Bar Counsel for the prosecution of disciplinary proceedings or for the sealing of petitions for show cause orders. See L.R. 83.6(5)(A), (C). Nor has it been the practice of the District Court to impound such documents.

For example, on May 21, 2008, in a public order summarizing

evidence of misconduct, the United States Bankruptcy Trustee for Region One was appointed to investigate and prosecute disciplinary proceedings concerning Frances Lafayette, Esq.  See In re Francis Lafayette, M.B.D. No. 08-MC-10132 (Docket No. 1).  Similarly, on September 26, 2008, in a public order summarizing evidence of misconduct, Richard M. Levine, Esq. was appointed to serve as counsel to investigate and prosecute disciplinary proceedings concerning Alec Sohmer, Esq.  See In re Alec G. Sohmer, M.B.D. No. 08-MC-10275 (Docket No. 1).[2]

---

[2] A judge has an ethical obligation to "initiate appropriate action when the judge becomes aware of reliable evidence indicating the likelihood of unprofessional conduct by a . . . lawyer."  Canon 3(B)(3) of the Code of Conduct for United States Judges (2000).  My June 29, 2007 letter to Bar Counsel discharging this obligation, which was made part of the public records of the Ferrara, 00-11693-MLW, and Barone, 98-11104-MLW cases, relied primarily on: findings of fact made in court and in a published decision, Ferrara, 384 F. Supp. 2d 384 (D. Mass. 2005), after vigorously contested evidentiary hearings; the statements of the First Circuit in affirming the findings in Ferrara, 456 F.3d 278 (1st Cir. 2006); findings made on the public record, in 1993, of at least seven failures by Mr. Auerhahn to disclose material exculpatory evidence in connection with Barone's trial, see Oct. 18, 1993 Barone Tr. at 51 and Ferrara, 384 F. Supp. 2d at 402; and a finding in a published decision that Mr. Auerhahn had mislead the court in 1991, see United States v. Ferrara, 771 F. Supp. 1266, 1308 (D. Mass. 1991).

   As explained in the letter to Bar Counsel, the need for disciplinary proceedings was reinforced by a letter from the Department of Justice informing me that the Office of Professional Responsibility ("OPR") had found that Mr. Auerhahn had engaged in professional misconduct.  In October, 2003, the United States Attorney publicly asked me not to make a finding concerning whether Mr. Auerhahn's failure to disclose crucial exculpatory evidence to Ferrara and Barone was intentional and, in any event, should be sanctioned until OPR conducted an

Such public initiation of disciplinary action is not novel. For example, in 1982, Judge Tauro, in a published decision, found a violation of a prosecutor's ethical responsibilities and referred the matter to the Board of Bar Overseers for disciplinary proceedings. See United States v. Kelly, 543 F. Supp. 1303, 1313-14 (D. Mass. 1982).

It has also been the practice of the District Court to have petitions seeking show cause orders pursuant to Local Rule 83.6(5)(C) made part of the public record. See Motion for Order to Show Cause Why Attorney Francis Lafayette Should Not Be Disciplined, In re: Lafayette, M.B.D. No. 08-MC-10132 (Docket No. 12); Motion for Order to Show Cause Pursuant to L.R. 83.6(5)(C) and Request for Temporary Suspension (Re: Misrepresentation to Court), In re: Alec G. Sohmer, 08-MC-10275 (Docket No. 3); Request for Order to Show Cause, In re: Alec G. Sohmer, 08-MC-10275 (Docket No. 7).

Making petitions for show cause orders part of the public record in the District Court is consistent with the manner in which

---

investigation and provided the results of it to me. See Oct. 2, 2003 letter from Michael Sullivan to Judge Mark L. Wolf (Ferrara, Docket No. 111); Oct. 3, 2003 Barone and Ferrara Tr. at 19-20, 79-80, 85-88; Oct. 17, 2003 Aff. of Michael Sullivan (Ferrara, Docket No. 119). In view of the Department of Justice's public request that I consider the OPR's findings in deciding whether to initiate disciplinary action, I referred to the OPR report in the letter to Bar Counsel, who, the Department of Justice informed me, had been offered the OPR report so she could consider taking disciplinary action against Mr. Auerhahn.

disciplinary matters are generally dealt in the Commonwealth of Massachusetts. Pursuant to S.J.C. Rule 4:01, §20(1)(c), once a petition for discipline is filed, the petition and all subsequent proceedings are public.

> Bar Counsel reports that:
>
> Massachusetts is not unique in providing public access to petitions alleging professional misconduct of an attorney. Thirty-five states and the District of Columbia open their records to the public "once there has been a finding of probable cause, or a formal complaint has been filed." 25 Law. Man. Prof. Conduct 423 (Aug. 5, 2009). Four states as well as the District of Columbia provide public access to their records without a finding of probable cause. Id. Rule 16 of the ABA Model Rules for Disciplinary Enforcement provides that "[a]ll records of the agency, except . . . work product . . . shall be available to the public after a determination that probable cause exists to believe that misconduct occurred and after the filing of formal charges . . ." unless a protective order "for specific testimony, documents or reports" is obtained. See 24 Law. Man. Prof. Conduct 94 (Feb. 20, 2008), quoting ABA Model Rule.

Bar Counsel's Opposition to Auerhahn's Motion to Seal and Impound Petition for Order to Show Cause at 4.[3] The order now being issued provides for sealing until Judge Tauro has made an independent determination of whether the petition establishes probable cause to believe that Mr. Auerhahn engaged in professional misconduct, thus providing more confidentiality than the Supreme Judicial Court's

---

[3] On August 24, 2009, Mr. Auerhahn moved for leave to file, "forthwith" under seal, a reply to Bar Counsel's Opposition. The motion was allowed on August 25, 2009. Motion for Leave to File a Reply Memorandum in Support of Jeffrey Auerhahn's Motion to Seal and Impound Petition for Order to Show Cause, In Re: Jeffrey Auerhahn, MBD No. 09-10206 (Docket No. 12). However, no reply has been filed.

rules and those of many other states.[4]

If probable cause is found, there is a strong public interest in open proceedings, based on publicly accessible submissions, in this case.  This matter arises from findings, in contested and consequential cases, of serious misconduct by a federal prosecutor which resulted in the release of two alleged Mafia murderers from prison. See Ferrara, 384 F. Supp. 2d 384.  Those findings were affirmed by  the First Circuit. See Ferrara, 456 F.3d 278. The release of Barone and Ferrara from prison were each deemed by the media to be matters of public interest. See, e.g., Shelley Murphy, "Ex-Mob Leader Freed From Prison," Boston Globe, May 27, 2005, at B4; J.M. Lawrence, "Feds' Evidence Snafu Leads to Mobster's Early Release," Boston Herald, Apr. 14, 2005, at 14; Shelley Murphy, "Judge Cuts Sentence for an Accused Mobster," Boston Globe, Oct. 4, 2003, at B5.  The referral of this matter to Bar Counsel was also

---

[4]In Cool Light Co. v. GTE Prod. Corp., 832 F. Supp. 449, 462 (D. Mass. 1993), accusations of misconduct by an attorney against opposing counsel were sealed because the court lacked jurisdiction and the authority to adjudicate the merits of the accusations.  The court noted that SJC Rule 4:01, §20 provides for "confidentiality of proceedings at an early stage before the adjudicative body has made any determination regarding the sufficiency of the proffer to warrant public exposure of the accusation."  Id.

The instant matter is materially different than Cool Light. The District Court has the authority and responsibility to decide the merits of the petition. Although SJC Rule 4:01, §20 does not apply, if it did the petition would become part of the public record as soon as it was filed. However, under the order now being issued, the petition will not be unsealed unless and until Judge Tauro decides that it establishes probable cause to believe that Mr. Auerhahn engaged in professional misconduct.

6

deemed by the media to be a matter of public interest.  See, e.g., Adam Liptak, "Federal Judge Files Complaint Against Prosecutor in Boston," The New York Times, July 3, 2007 at A11. Although he participated in the proceedings, Mr. Auerhahn was not a party to the Ferrara and Barone cases.  If Judge Tauro finds the probable cause necessary to initiate formal disciplinary proceedings, Mr. Auerhahn will have the fair opportunity provided by the Local Rules to contest whatever charges are included in the petition.  The public has a legitimate interest in his response to those charges and the District Court's resolution of them.

Generally, "public monitoring of the judicial system fosters important values of quality, honesty, and respect for our legal system." Siedle v. Putnam Investments Inc., 147 F.3d 7, 10 (1st Cir. 1998) (internal quotations omitted). Open proceedings and allowing public access to judicial records is particularly important when the conduct of the government, or someone acting on its behalf, is at issue. See Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 410 (1st Cir. 1987). "[I]n such circumstances, the public's right to know what the executive branch is about coalesces with the concomitant right of the citizenry to appraise the judicial branch." Id.; see also United States v. DiMasi, No. 09-10166, 2009 WL 2411313, at *2 (D. Mass. 2009) (as requested by government, unsealing documents and opening to the public proceedings concerning motion to disqualify defendant's

counsel for alleged prior representation of a government witness).

The usual strong interest in open judicial records and proceedings is not in this case outweighed by any legitimate countervailing considerations. The documents provided to Bar Counsel by the court which may be referenced in the petition are primarily transcripts and exhibits that are part of the public record in the criminal cases against Ferrara and Barone or their successful requests for release from prison pursuant to 28 U.S.C. §2255. Bar Counsel has also been provided transcripts of some lobby and side-bar conferences that were not part of the public record. All of the documents provided to Bar Counsel have been made available to Mr. Auerhahn for inspection and copying. See August 21, 2009 Order, In Re: Jeffrey Auerhahn, MBD No. 09-10206 (Docket No. 8). As stated in sealed orders previously provided to Mr. Auerhahn, Bar Counsel and Mr. Auerhahn are authorized to refer to or quote, and thus make public, in the petition or response to it, all of the documents and information provided by the court, and they may append such documents to the petition or the response. Id.; June 11, 2009 Order, Barone v. United States, No. 98-11104 (Docket No. 157). Therefore, making the petition part of the public record will not be inconsistent with the protective orders that were issued to maintain the confidentiality of previously non-public matters prior to the filing of a petition.

As the First Circuit has held, "[t]he mere fact that judicial

8

records may reveal potentially embarrassing information is not in itself sufficient reason to block public access." Siedle, 147 F. 3d at 10. In Siedle, there was valid reason to seal certain records that contained information allegedly protected from disclosure by the attorney-client privilege. Id. at 10-11. Therefore, sealing was deemed appropriate until the issue of privilege was decided. Id. at 12. In contrast, no claim of privilege has been made regarding information that may be included in the petition concerning Mr. Auerhahn.

There are other factors which might in certain cases outweigh the presumption that judicial documents should be available to the public. See United States v. McVeigh, 119 F.3d 806, 811 (10th Cir. 1997).

> Among the countervailing factors favoring nondisclosure are: (i) prejudicial pretrial publicity; (ii) the danger of impairing law enforcement or judicial efficiency; and (iii) the privacy interests of third parties. See United States v. Amodeo, 71 F.3d 1044, 1050, (2d Cir. 1995); see also McVeigh, 1999 F.3d at 813-14; In re Globe Newspaper Co., 729 F.2d 47, 59 (1st Cir. 1984).

United States v. Salemme, 985 F. Supp. 193, 195 (D. Mass. 1997). These interests do not, however, justify sealing documents or closing proceedings in this matter.

No privacy interest of a third-party that might be injured by public disclosure has been identified by Mr. Auerhahn. Nor has he expressed a concern that the petition will include irrelevant private information concerning him. In any event, if the petition

contains any such information, appropriate redactions could be authorized by Judge Tauro before it is unsealed for the public record.

There is no claim that law enforcement or judicial efficiency will be impaired by public disclosure of the petition. There is also no danger of unfairly prejudicial pretrial publicity if Judge Tauro finds the probable cause necessary to initiate formal disciplinary proceedings and the petition is unsealed.

In In re Globe Newspaper Company, the First Circuit held that bail hearings concerning seven alleged members of La Cosa Nostra might properly be closed to the public because the government intended to introduce extremely damaging statements by the defendants that were obtained by wiretaps. See 729 F.2d at 53. Public disclosure of those statement could have made a fair jury trial impossible if the wiretap evidence was later found to have been unlawfully obtained. Id. at 55. Thus, the First Circuit held that closure of the bail proceedings might be justified. Id. at 58. In contrast, it has not been suggested that Bar Counsel's petition will include information that has been unlawfully obtained or would otherwise be inadmissible.

In any event, the petition will be submitted to the three-judge panel that will be established to decide the matter if Judge Tauro finds probable cause to proceed and Mr. Auerhahn contests the charges. See L.R. 83.6(5)(C),(D). Therefore, if the petition is

publicized, at most the judges who will decide the matter may be exposed to allegations that they will receive in due course. Moreover, even publicity about inadmissible matters is recognized as unlikely to injure the ability of judges, as opposed to juries, to decide matters fairly, "since trial judges often have access to inadmissible and highly prejudicial information and are presumed to be able to discount or disregard it."  Gentile v. State Bar of Nevada, 501 U.S. 1030, 1077 (1991) (Rehnquist, C.J., dissenting).

If the required probable cause to proceed is found by Judge Tauro, unsealing the petition will be consistent with the way in which matters regularly occur in court.

> It is customary for motions to be filed before responses are submitted.  To find temporary impoundment justified merely on the ground that the public record is at the moment incomplete would generally erode the presumption in favor of public access to judicial documents.

Salemme, 985 F. Supp. at 196.

In view of the foregoing, sealing the petition and closing the proceedings concerning it until the matter is decided would be inconsistent with the usual practice of the District Court,[5] the

---

[5] The matter concerning Mr. Auerhahn is not unique because it has been publicized.  For example, allegations of misconduct concerning Mr. Sohmer were reported in the media before the order appointing counsel and the petition seeking disciplinary action against him were filed as matters of public record in the District Court.  See, e.g., Kimberly Blayton, State Cracks Down on Bailout Scams, Boston Globe, June 2, 2007, at B5; Jerry Kronenberg, Coakley Gets 5 to Settle, Cites Other Loan Brokers, Boston Herald, Sept. 19, 2007, at 29; Kimberly Blayton, "26 Who Lost Their Homes Get Them Back: Mass. Says Lawyers' 'Rescue' Cheated Them, Boston Globe, June 19, 2008 at 1.

11

handling of disciplinary matters in other forums, and the public interest.  However, the order now being issued will provide Judge Tauro an opportunity to decide whether the petition establishes probable cause to believe that Mr. Auerhahn engaged in professional misconduct and, if so, to consider further whether the petition should remain sealed.

    Accordingly, it is hereby ORDERED that:

    1.  Any petition, pursuant to Local Rule 83.6(5)(C), requesting an order directing Mr. Auerhahn to show cause why he should not be disciplined shall be filed under seal.

    2.  Unless Judge Tauro otherwise orders, the petition shall be unsealed if he finds that there is probable cause to believe that Mr. Auerhahn engaged in professional misconduct and, pursuant to Local Rule 83.6(5)(C), issues an order requiring Mr. Auerhahn to show cause why he should not be disciplined.

    3. This Order is SEALED, at least temporarily.  If the petition is unsealed, I will decide whether this Order, and the submissions that generated it, should be unsealed.

                                        /s/ MARK L. WOLF
                                    CHIEF JUDGE, UNITED STATES DISTRICT COURT