UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In the Matter of | ) ) ) ) ) ) ) | Action No. 09-10206-RWZ-WGY-GAO |
| JEFFREY AUERHAHN | | |

**BAR COUNSEL'S MOTION TO FILE REDACTED OPR REPORT**

The bar counsel hereby moves to file in the public record the report prepared by the Office of Professional Responsibility (OPR) with redactions provided by the Department of Justice (DOJ) and the redaction of name of one individual. The grounds for this motion are as follows.

1. On January 22, 2010, the court requested that the respondent and the bar counsel submit a status report as to whether the parties would "accept[] the findings of the [Office of Professional Responsibility] report as a basis for proceeding" in this case. The bar counsel submitted a report in which she agreed to include the OPR report in the record but objected to its providing the sole factual basis for the case. The respondent agreed to accept the OPR report as the findings but asked to introduce evidence in mitigation and on sanction.

2. The parties consulted with OPR to determine whether there were any objections to filing the report with the court. On February 3, 2010, OPR advised the parties that there was no objection to filing the report with the court so long as the United States attorney's office in Massachusetts had an opportunity to review the report and make the necessary redactions.

3. On March 17, 2010, the court issued an order requiring the parties to provide to the court (1) three copies of the report issued by the Office of Professional Responsibility for the Department of Justice (OPR) concerning the respondent or, if the report is not ready for

submission, advise the court when it will be submitted and (2) suggested procedures for subsequent proceedings in this matter.

4. On March 17, 2010, Assistant United States Attorney James Herbert informed the parties that the Department of Justice (DOJ) had no objection to filing the complete OPR report under seal. "If the court or either party would like to make all or part of the report public," the DOJ requested an "opportunity to propose redactions" and required at least three weeks to review the report and make its proposals.

5. On March 18, 2010, the parties filed a joint status report in which they agreed either to (1) file the complete report under seal or (2) file a report reviewed and redacted by the United States attorney's office. The parties informed the court that the redacted report would not be available before April 9, 2010.

6. On March 31, 2010, in further response to the court's order of March 17, 2010, each party filed suggestions for the bar discipline proceedings. Among other things, the parties continued to disagree about whether the OPR report should constitute the entire factual basis for the sanction, but the parties appeared to agree that a redacted report would be included in the public record when filed.

7. On April 12, 2010, the respondent filed a motion for leave to file a reply memorandum to the bar counsel's proposal for the bar discipline proceedings.

8. On May 4, 2010, the parties received a letter from Assistant United States Attorney Cynthia Young enclosing proposed redactions to the OPR report. The letter informed the parties that the government had not examined the OPR report to determine whether it contained documents still under seal in United States v. "*Carrozza/Patriarca, Ferrara*, or *Barone*, but which Chief Judge Wolf disclosed to you pursuant to protective order."

9. On May 4, 2010, the bar counsel asked the respondent to agree to file the report with the court. There was no response to this request.

10. On May 12, 2010, this court issued an order declining to rule on the respondent's motion to file a reply memorandum until after the parties filed the OPR report.

11. On May 17, 2010, the respondent's counsel informed bar counsel that he would not agree to filing the redacted report in the public record until the government approved a public filing.

13. On May 19, 2010, the DOJ informed the parties that the department had no objection to filing under seal with the court an unredacted version of the OPR report, subject to redactions on page 111, and filing the redacted version of the report in the public record.

14. The parties have agreed to filing under seal the unredacted OPR report except for a redacted version of page 111, but the respondent now seeks delay in filing a redacted version of the report in the public record.

15. The bar counsel seeks an order from this court permitting the complete OPR report, except for a redacted version of page 111, to be filed under seal and further permitting a redacted version of the OPR report to be filed immediately in the public record. The report should be available to the public whether or not the OPR report serves as the sole factual basis for discipline or as evidence to be considered with other evidence introduced in the case.

16. Should the respondent object to filing the redacted version of the OPR report in the public record on the grounds that information in the redacted report might violate a protective order issued by Judge Wolf, bar counsel suggests that the unredacted and redacted reports be provided to Judge Wolf for his determination as to whether the redacted report addresses the interests that the protective order seeks to address.

17. The bar counsel seeks an opportunity to comment on the report after the court has an opportunity to review it but before the court decides whether or not the report will provide the sole factual basis for the bar discipline proceeding.

        Respectfully submitted,

        CONSTANCE V. VECCHIONE
        BAR COUNSEL

        By/s/ *Nancy Kaufman*
           Nancy E. Kaufman
           First Assistant Bar Counsel
           B.B.O. # 504384
           99 High Street
           Boston, MA 02110
           (617) 728-8740
           (617) 482-2992 FAX
           n.kaufman@massbbo.org

### Certificate of Service

I, Nancy Kaufman, hereby certify that I caused a copy of this document to be served on this 20th day of May, 2010, by first class mail, postage prepaid, and by electronic mail as follows:

Michael D. Ricciuti, Esq.
Arnold R. Rosenfeld, Esq.
Michael DeMarco, Esq.
Ryan M. Tosi, Esq.
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
E-mail: michael.demarco@klgates.com
arnie.rosenfeld@klgates.com
michael.ricciuti@klgates.com
ryan.tosi@klgates.com

                /s/ *Nancy Kaufman*
                  Nancy Kaufman