# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In the Matter of<br><br>JEFFREY AUERHAHN | )<br>)<br>)   Action No. 09-10206-RWZ-WGY-GAO<br>)<br>) |

## OPPOSITION TO BAR COUNSEL'S MOTION TO PUBLICLY FILE REDACTED OPR REPORT

Respondent Jeffrey Auerhahn ("Auerhahn") respectfully submits this opposition to Bar Counsel's Motion to File Redacted OPR Report ("Motion").

Bar Counsel's Motion claims that Auerhahn somehow "seeks delay in filing a redacted version of the [OPR] report in the public record." Bar Counsel's Motion, at ¶ 14. This is plainly inaccurate. The unsealing of this sensitive report has raised obvious and substantial concerns about compliance with DOJ policies and multiple sealing orders issued by this Court, not to mention Auerhahn's privacy rights. None of these is appropriately addressed in Bar Counsel's motion, and nothing submitted by Bar Counsel suggests that an "immediate" public filing of some form of redacted version of the OPR Report would be either appropriate or necessary. As discussed in detail below, on May 20, 2010, Auerhahn filed an assented-to Motion to submit a partially redacted OPR report[1] to the Court under seal, and thereafter provided the Court with three copies of the partially redacted OPR report. Bar Counsel has not and cannot demonstrate that a redacted version, the extent of which has yet to be determined, of the OPR report could or should be immediately filed publicly. Accordingly, this Court should deny Bar Counsel's Motion.

---

[1] The report contained redactions on one page of the Report (page 111) to accommodate a request from DOJ.

**Background and Analysis**

On March 17, 2010, the Court issued an order that the parties "provide the court with three copies of the report issued by the Office of Professional Responsibility for the DOJ concerning respondent." See Dckt. No. 46. The U.S. Attorney's Office for the District of Massachusetts reviewed the OPR report to determine whether information contained in the Report was subject to redaction. The report, among other things, discusses sensitive law enforcement matters, including the status of certain witness and the procedures of the DOJ concerning the care and handling of such witnesses, and contains references to information subject to sealing orders issued by this Court.[2]

On May 4, 2010, DOJ provided the parties with ten pages of proposed redactions to the OPR report for any public filing of the OPR report.[3] In its letter, DOJ noted that it had not examined the OPR report for information that may be subject to Judge Wolf's sealing orders and thus inappropriate for public release.

During the week of May 17, 2010, Bar Counsel, counsel for Auerhahn, and DOJ had extensive e-mail communications regarding the submission of the OPR report to the Court. In certain of those e-mails, counsel for Auerhahn raised concerns about the public submission of the OPR report and noted, for instance, that the OPR report contained (1) sensitive matters regarding the status of certain witness, (2) the procedures of the DOJ concerning the care and handling of such witnesses, (3) private and confidential disciplinary information, (4) references to

---

[2] Certain of the file in Barone v. United States, 98-11104-MLW and Ferrara v. United States, 00-11693-MLW has been, and remains, under seal pursuant to numerous sealing orders.

[3] OPR had informed the parties on February 3, 2010, that OPR did not object to the submission of the OPR report to the Court given that DOJ would be provided an opportunity to review the report and make the necessary redactions before any public release of the report.

information subject to Judge Wolf's sealing orders, and (5) information implicating Auerhahn's privacy rights.[4] Further, DOJ has indicated that the government <u>had</u> <u>not</u> examined the OPR report for facts and information from documents that may still be under seal pursuant to Judge Wolf's numerous sealing orders. Moreover, throughout the week, both parties found several instances where additional redactions to the OPR report – beyond those DOJ proposed – were necessary, and each raised concerns about other areas of the report that may need to be redacted. Counsel for Auerhahn suggested that the parties take additional time to review the OPR report and carefully parse the report to determine whether a redacted report could be publicly disclosed. The concerns that triggered that suggestion have not yet been fully resolved – by the parties or by DOJ. Despite their best efforts, the parties thus have not yet determined the full scope of the proposed redactions. Bar Counsel's Motion is, at best, premature.

While the parties were discussing possible redactions, they also had agreed to file the report under seal so that the Court would be provided with a full version of the OPR report with one redaction requested by DOJ made to page 111, as DOJ requested on May 19, 2010. DOJ informed the Parties that DOJ did not object to the Parties' filing under seal a copy of that partially redacted Report. Auerhahn thus filed the partially redacted Report with the Court under seal – with the assent of Bar Counsel – the next day, on May 20, 2010. <u>See</u> Dckt. No. 52. Thus, Bar Counsel's assertion that Auerhahn "seeks delay in filing a redacted version of the report in the public record," Motion, ¶ 14, is contrary to the history here.

After Auerhahn had filed the assented to motion to submit the OPR report under seal, Bar

---

[4] Government employees, including Assistant U.S. Attorney's, who are investigated by OPR have a recognized privacy interest in maintaining the confidentiality of OPR records. <u>See</u>, <u>e.g.</u>, <u>Kimberlin v. Dep't of Justice</u>, 921 F.Supp. 833, 836 (D.D.C. 1996) ("public interest cannot be held to be superior to the privacy interests of those employees who may, from time to time, come under the scrutiny of OPR").

Counsel filed the instant Motion, seeking to file a version of the Report publicly.  In the Motion, Bar Counsel did not provide any reasons why it should be filed publicly.  In the Motion, Bar Counsel does not indicate that a report is even ready to be filed.  Auerhahn submits that it is not.

Bar Counsel does not offer any reasons in support of her motion to file the OPR report publicly.  Instead, the Motion recites some background information and contains a blanket assertion that the report should be filed publicly.  Specifically, Bar Counsel claims, without providing any reasoning, that "the [OPR] report should be available to the public whether or not the OPR report serves as the sole factual basis for discipline or as evidence to be considered with other evidence introduced in the case." Motion, at ¶ 15.  Thus, Bar Counsel's apparent desire to publicly file the report immediately is apparently designed to allow Bar Counsel to "comment on the report" afterwards.  See Motion, ¶ 17.  Such comment may well be inappropriate under these circumstances.

It is in the interests of justice to permit the parties and DOJ to review carefully all information contained in the OPR report and conclusively determine whether it is appropriate to file the OPR report publicly.  The administration of justice will not be hampered by the denial of Bar Counsel's Motion.  The Court already has been provided with copies of a partially redacted report under seal by agreement of the parties.  The Court may consider that version of the report "to inform its decision concerning the schedule and procedure hereafter." See Court Order, dated May 12, 2010, Dckt. No. 51.

Lastly, Bar Counsel's suggestion that Judge Wolf should be the ultimate fact-finder as to whether all information contained in the report has been correctly redacted should be rejected.  Although certain of the information is subject to sealing orders, other information contained in the report that may need to be redacted has no bearing on any of Judge Wolf's sealing orders.

The report concerns the status of certain witness and the procedures of the DOJ concerning the care and handling of such witnesses, grand jury issues, confidentiality issues, and privacy issues (for Auerhahn and others).  Such areas of possible redaction do not concern Judge Wolf's sealing orders issued in the underlying <u>Barone</u> and <u>Ferrara</u> matters.  Moreover, as the complainant in this action, Judge Wolf would not be the appropriate factfinder in this matter.  <u>See</u> Local Rule 83.6 (where "the disciplinary proceeding is predicated upon the complaint of a judge of this court, the complaining judge shall not sit").

### Conclusion

Accordingly, there is no basis to file the OPR Report in the public record at this time, and Bar Counsel's Motion should be denied.

Respectfully submitted,

JEFFREY AUERHAHN

By his attorneys,

*/s/ Michael D. Ricciuti*
Michael DeMarco (BBO #119960)
Michael D. Ricciuti (BBO #550771)
Arnold R. Rosenfeld (BBO #428860)
Ryan M. Tosi (BBO #661080)
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Tel. (617) 261-3100
Fax. (617) 261-3175
michael.demarco@klgates.com
michael.ricciuti@klgates.com
arnie.rosenfeld@klgates.com
ryan.tosi@klgates.com

Dated:  June 3, 2010

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 3rd day of June 2010:

Nancy E. Kaufman, Esq.
Office of Bar Counsel
99 High Street
Boston, MA 02110
Email: n.kaufman@massbbo.org

                                        */s/ Michael D. Ricciuti*
                                         Michael D. Ricciuti